## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

TIRAN L. BROWN,

    Petitioner,

    v.

WARDEN CLEVELAND FRIDAY,

    Respondent.

Civil Action No.:  PX-21-999

## MEMORANDUM OPINION

Tiran L. Brown, an inmate at the Jessup Correctional Institution ("JCI") in Jessup, Maryland, has filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, in which he alleges that his sentence has been wrongly calculated which has resulted in his wrongful classification as maximum security. ECF No. 1 at 2-3. As Brown's Petition concerns his Maryland conviction, it is properly construed as a Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254. *In re Wright*, 826 F.3d 774, 779 (4th Cir. 2016)("[W]e conclude that, regardless of how they are styled, federal habeas petitions of prisoners who are 'in custody pursuant to the judgment of a State court' should be treated as 'applications under section 2254' for purposes of § 2244(b), even if they challenge the execution of a state sentence.") (internal quotation marks and citations omitted).

Respondent has filed an Answer, arguing that the Petition should be dismissed because Brown is lawfully incarcerated, he has failed to exhaust state remedies, and his claim is not cognizable. ECF No. 6. Thereafter, the Court directed Brown to submit any evidence reflecting exhaustion of his claims.  ECF No. 7.  Brown has replied.  ECF Nos. 8 & 9.

The Petition is fully briefed, and the Court finds that no hearing is necessary.  *See* Rule 8(a), Rules Governing Section 2254 Cases in the United States District Courts; Local Rule 105.6; *see also Fisher v. Lee*, 215 F.3d 438, 455 (4th Cir. 2000) (stating that a petitioner is not entitled to a hearing under 28 U.S.C. § 2254(e)(2)).  For the reasons set forth below, the Petition will be DISMISSED without prejudice.

## I.     Background

On December 16, 2002, Brown was sentenced in the Baltimore City Circuit Court on three cases: Case No. 100291018 in which he received fifty years' incarceration for first degree rape;  Case No. 100291017, in which he received fifteen years for child sex abuse, consecutive to the sentence imposed in Case No. 100291018; and in Case No. 100291020, ten years for carnal knowledge, to be served concurrently with the sentence in Case No. 100291017, resulting in a total of sixty-five years in prison.  ECF No. 6-1; ECF No. 1 at 1. The Maryland Division of Correction ("DOC") calculated Brown's maximum expiration of his prison term as July 21, 2065.  ECF No. 6-2.

On May 12, 2004, Brown also appeared in the Baltimore City Circuit Court for a violation of probation on an earlier adjudicated case, Case No. 198253029.  For the violation, Brown received twelve years, six months, and eighteen days' incarceration "consecutive to the last sentence to expire of all outstanding and unserved Maryland sentences" with three years, seven months and seven days credit for time served.   ECF No. 6-3.  The DOC recalculated his maximum expiration date as July 2, 2074.  ECF No. 6-2.  With projected earned good conduct credit, Brown's projected release date is April 25, 2056.  ECF No. 6-4.

The Petition avers that Brown did not file "an administrative remedy . . . because every time petitioner has questions concerning time . . . [he] receives nothing from administration in return." ECF No. 1 at 1.   When prompted to augment the record in this case, Brown filed administrative

responses to informal inquiries that he had made regarding his classification. ECF No. 9-1 at 2-4. Specifically, Brown appends three "Inmate Response Forms" indicating that Brown inquired about his security level and reclassification in January of 2019 (ECF 9-1 at 2-3) and was advised that he was due for reclassification in the coming months and would be reconsidered at that time. *Id*. He inquired again about his reclassification in April 2019, and was advised that his classification was reviewed in March of 2019 and he was kept at maximum security status. *Id*. at 4. Brown did not file any other administrative complaints regarding the computation of his sentence, calculation of credits, or classification status.

Brown also explains that he filed a Petition for Writ of Habeas Corpus in state court but the Petition was dismissed because his request to waive the filing fee was denied. ECF No. 9 at 1. The Circuit Court Order, which Brown also filed with this Court, directs Brown to supplement his petition with information demonstrating he possessed a reasonable likelihood of success on the merits. ECF No. 9-1 at 1. Nothing else in the record suggests that he complied with that order of appealed the Circuit Court decision.

Respondents urge the Petition must be dismissed on exhaustion grounds. For the reasons discussed below, the Court agrees.

## II.    Analysis

Brown's petition is subject to the exhaustion requirement of 28 U.S.C. § 2254(b). To exhaust administrative remedies, Brown must fairly present the both the operative facts and controlling legal principles before the state courts. *See Baker v. Corcoran*, 220 F.3d 276, 289 (4th Cir. 2000) (citations omitted). Full exhaustion also includes appellate review in the Appellate Court of Maryland and the Supreme Court of Maryland. *See Granberry v. Greer*, 481 U.S. 129, 134-35 (1987). Exhaustion is an indispensable part of the habeas process so as to afford state

courts the first opportunity to review federal constitutional challenges to state convictions. *See Preiser v. Rodriguez*, 411 U.S. 475 (1973). Likewise, because a federal habeas petition "is the avenue of last resort," a Petitioner must demonstrate that he has exhausted all other avenues for relief. *Timms v. Johns*, 627 F.3d 525, 530-31 (4th Cir. 2010). The exhaustion requirement applies not only to state court proceedings, but also to available state administrative remedies. *Preiser*, 411 U.S. at 491-92.

Maryland inmates may challenge the computation of their sentence through administrative proceedings by filing a grievance with the Inmate Grievance Office ("IGO"), which may be referred to an administrative law judge with the Office of Administrative Hearings ("OAH"). Md. Code Ann., Corr. Servs. §§ 10-206 to -207. The OAH determination is deemed to be the decision of the Maryland Secretary of Public Safety and Correctional Services ("the Secretary"), unless the OAH grants the prisoner's claim, in which case the Secretary may affirm, reverse, or modify the OAH proposed order. *Id.* § 10-209.

The prisoner next may appeal the Secretary's decision to the relevant Maryland Circuit Court, and, if necessary, file an application for leave to appeal the decision of the Circuit Court to the Court of Appeals of Maryland. *See Adamson v. Corr. Med. Servs., Inc.*, 753 A.2d 501, 509-10 (Md. 2000); Md. Code Ann., Corr. Servs. §§ 10-201 to -210. If the Court of Special Appeals grants the application for leave to appeal, but denies relief on the merits, the prisoner must also seek permission to appeal to the Court of Appeals of Maryland. *See Baker*, 220 F.3d at 288; Md. Code Ann., Cts. & Jud. Proc. §§ 12-201 to -202.

Brown has both administrative and judicial remedies available to him. He has provided no evidence that he has fully exhausted those remedies. Brown filed a state Petition for a Writ of Habeas Corpus in the Circuit Court for Anne Arundel County, which was dismissed without

review on the merits. Brown also did not comply with the court's directive to provide additional information, and nothing suggests that he sought leave to appeal the state court determination to the Maryland appellate courts. *See, e.g.*, *Jones v. Filbert*, 843 A.2d 908, 910 (Md. Ct. Spec. App. 2004) (considering an appeal from a decision on a state petition for a writ of habeas corpus relating to the failure to credit diminution of confinement credits).   Nor did Brown exhaust his administrative remedies as he did not file a grievance with the IGO regarding the computation of his sentence or classification.  Because Brown has failed to exhaust available state judicial and administrative remedies, the Petition must be dismissed without prejudice. *See Rose*, 455 U.S. at 520, 522.

Further, the Court declines to issue a certificate of appealability. A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  The petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004), or that "the issues presented are adequate to deserve encouragement to proceed further," *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).

When a district court dismisses a petition on procedural grounds, the petitioner must show that reasonable jurists "would find it debatable whether the petition states a valid claim of the denial of a constitutional right" and "whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  Brown fails to meet these standards.  Accordingly, the Court declines to issue a certificate of appealability.  Brown may still request that the United States Court of Appeals for the Fourth Circuit issue such a certificate. *See Lyons v. Lee*, 316 F.3d

528, 532 (4th Cir. 2003) (considering whether to grant a certificate of appealability after the district court declined to issue one).

### III.   Conclusion

For the foregoing reasons, the Petition will be DISMISSED WITHOUT PREJUDICE.  The Court declines to issue a certificate of appealability.  A separate Order follows.

Date:  5/5/23

/S/

_____

Paula Xinis
United States District Judge